UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
JENNIFER NEIL,

                Plaintiff,

    -against-

SIDNEY W. BARBANEL CONSULTING
ENGINEER, LLC, SIDNEY W. BARBANEL,
ESTATE OF SIDNEY BARBANEL,
SAMARA ROSENBERG, as Administrator
for the Estate of Sidney W. Barbanel, and
GERALDINE BARBANEL, as Administrator
for the Estate of Sidney W. Barbanel,

                Defendants.
-----------------------------------------------------------x

12-CV-4061(SJ)(RML)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
THE PLAINTIFF'S AMENDED COMPLAINT**

# TABLE OF CONTENTS

                                                              **Page**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ......................................................................................................... 1

ARGUMENT ............................................................................................................................... 2

       A.       The Amended Complaint Fails to Satisfy Federal Rule of Civil
                  Procedure 12(b)(6) And Should Be Dismissed ..................................................... 2

               1.       The Standard of Review ............................................................................ 2
               2.       The Amended Complaint Does Not Allege Sufficient Facts to State
                       Plausible Violations Under the Fair Labor Standards Act......................... 3
               3.       The Plaintiff's Claims Under the Fair Labor Standards Act Should Be
                       Dismissed To The Extent That They Are Time-Barred by the Statute of
                       Limitations ................................................................................................. 6

       C.       The Court Should Decline to Exercise Supplemental Jurisdiction Over the
                  Plaintiff's Remaining State Law Claims................................................................ 9

CONCLUSION............................................................................................................................ 9

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009)................................................................................................2, 3, 6, 7

*Barfield v. New York City Health & Hosp. Corp.,*
  537 F.3d 132 (2d Cir. 2008).................................................................................................3

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007)..............................................................................................................2

*Cannon v. Douglas Elliman, LLC,*
  No. 06 Civ. 7092 (NRB), 2007 WL 4358456 (S.D.N.Y. Dec. 10, 2007) ...........................3

*Clarke v. JPMorgan Chase Bank,*
  2010 WL 1379778 (S.D.N.Y. Mar. 26, 2010) ....................................................................7

*Carnegie-Mellon Univ. v. Cohill,*
  484 U.S. 343 (1988) ............................................................................................................9

*Carter v. Dutchess Cmty. Coll.,*
  735 F.2d 8 (2d Cir. 1984).....................................................................................................4

*Davis v. Abington Memorial Hosp.,*
  2012 WL 3206030 (E.D. Pa Aug. 7, 2012) .....................................................................6, 9

*DeSilva v. North Shore-Long Island Jewish Health Sys.,*
  770 F.Supp.2d 497 (E.D.N.Y. 2011) ..............................................................................4-5, 6

*Franklin v. New York Law Publ. Co.,*
  1995 WL 408390 (S.D.N.Y. July 11, 1995) ......................................................................7

*Henchy v. City of Absecon,*
  148 F.Supp.2d 435, 437 (D.N.J. 2001).................................................................................7

*Holmes v. Air Lines Pilots Ass'n, Intern.,*
  745 F.Supp.2d 176 (E.D.N.Y. 2010) ...................................................................................8

*Knight v. Columbus,*
  19 F.3d 579 (11th Cir. 1994), *cert. denied,* 513 U.S. 929 (1994).......................................7

*Kolari v. New York-Presbyterian Hosp.,*
  455 F.3d 118 (2d Cir. 2006).................................................................................................9

LEGAL\17698323\1

*McLaughlin v. Richland Shoe Co.*,
  486 U.S. 128 (1988) .................................................................................................................7

*McPherson v. NYP Holdings, Inc.*,
  227 Fed.Appx. 51 (2d Cir. 2007) .............................................................................................9

*Nakahata v. New York-Presbyterian Healthcare Sys.*,
  2012 WL 3886555 (S.D.N.Y. Sept. 6, 2012) ...................................................................3, 4, 6

*In re NYSE Specialists Sec. Litig.*,
  503 F.3d 89 (2d Cir. 2007) .......................................................................................................3

*Sampson v. MediSys Health Network, Inc.*,
  2012 WL 3027850 (E.D.N.Y. Feb. 9, 2012) .............................................................................4

*Solis v. Tally Young Cosmetics, LLC*,
  2011 WL 1240341 (E.D.N.Y. Mar. 4, 2011) ........................................................................7, 8

*Wolman v. Catholic Health Sys. of Long Island*,
  853 F.Supp.2d 290 (E.D.N.Y. 2012) .....................................................................................4, 9

**STATUTES**

28 U.S.C.

  § 1367 .......................................................................................................................................9

29 U.S.C.

  § 203 .........................................................................................................................................3

  § 255 .........................................................................................................................................7

Fair Labor Standards Act ........................................................................................................ passim

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(6) ............................................................................... passim

LEGAL\17698323\1

Defendants SIDNEY W. BARBANEL CONSULTING ENGINEER, LLC, SIDNEY W. BARBANEL, ESTATE OF SIDNEY BARBABEL, SAMARA ROSENBERG, as Executor for the Estate of Sidney W. Barbanel, incorrectly sued herein as SAMARA ROSENBERG, as Administrator for the Estate of Sidney W. Barbanel, and GERALDINE BARBANEL, as Executor for the Estate of Sidney W. Barbanel, GERALDINE BARBANEL incorrectly sued herein as ,(the "defendants"), by and through their undersigned counsel, submit this Memorandum of Law in Support of Defendants' Motion to Dismiss the Plaintiff's Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(6).

## I.   PRELIMINARY STATEMENT

In her Complaint, the plaintiff alleges that the defendants failed to properly compensate her for all of the hours that she worked under sections of the Fair Labor Standards Act ("FLSA") and the New York Labor Law. In addition, the plaintiff has the temerity to claim that she sustained personal injuries when she was allegedly assaulted by defendant Sidney W. Barbanel, who is 91-years old. Mr. Barbanel has been declared incompetent by a New York State Court, and guardians have been appointed oversee his person and his property. As will be demonstrated below, the Complaint should be dismissed as against both defendants under Fed.R.Civ.P. 12(b)(6) because the boilerplate allegations are insufficient to state a claim for relief; and because a substantial amount of the plaintiff's FLSA claims are time-barred by the statute of limitations.

## II.   STATEMENT OF FACTS

### A.   The Complaint

On August 15, 2012, plaintiff Jennifer Neil filed the instant action against the defendants Sidney W. Barbanel Consulting, LLC and Sidney W. Barbanel. The plaintiff invoked this

Court's federal question and supplemental jurisdiction, the plaintiff alleged six causes of action. After filing the initial complaint, the defendant Sidney Barbanel died. Thereafter, plaintiff Jennifer Neil filed the instant action against the defendants Sidney W. Barbanel Consulting, LLC and Sidney W. Barbanel, Estate of Sidney W. Barbanel, Samara Rosenberg, as Administrator of the Estate of Sidney W. Barbanel, and Geraldine Barbanel, as Administrator of the Estate of Sidney W. Barbanel, (the "defendants"). Although the plaintiff has named Samara Rosenberg and Geraldine Barbanel as the Administrators of the Estate, they are in fact the Executors of the Sidney W. Barbanel estate.

In the Amended Complaint, plaintiff alleged six causes of action. The first two causes of action were brought pursuant to FLSA, claiming violations of that statute's minimum wage and overtime provisions. See Amended Complaint, annexed hereto as Exhibit C to the Declaration of William K. Kirrane ("Kirrane Decl."), at ¶¶ 41-51. Further, the plaintiff asserts three causes of action claiming violations of the New York State Labor Law. Kirrane Decl., Ex. A at ¶¶ 52-65. Finally, the plaintiff brings a cause of action for common law assault and battery. Kirrane Decl., Ex. A at ¶¶ 66-75.

### III. ARGUMENT

#### A. The Amended Complaint Fails to Satisfy Federal Rule of Civil Procedure 12(b)(6) And Should Be Dismissed

1. The Standard of Review

Rule 12(b)(6) allows for the dismissal of a cause of action if a plaintiff's complaint fails "to state claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In order to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See also Twombly*, 550 U.S. at

562 (the complaint must set forth "direct or inferential allegations [for] all the material elements necessary to sustain recovery under some viable legal theory"). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, U.S. at 678. While a court accepts a complaint's factual allegations as true, the court is not required to accept as true "legal conclusions, deductions or opinions couched as factual allegations." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (citation omitted).

For the following reasons, it is respectfully submitted that plaintiff Jennifer Neil's Complaint fails to state a claim for relief under Rule 12(b)(6), and thus, should be dismissed.

2.  The Amended Complaint Does Not Allege Sufficient Facts to State Plausible Violations Under the Fair Labor Standards Act

The Amended Complaint should be dismissed because it contains nothing more than bald, conclusory allegations that fail to satisfy the pleading requirements elucidated in *Twombly* and *Iqbal*. First, the plaintiff does not adequately plead that the defendants were her employer under FLSA and the New York Labor Law. *Cannon v. Douglas Elliman, LLC*, No. 06 Civ. 7092(NRB), 2007 WL 4358456, at *4 (S.D.N.Y. Dec. 10, 2007) ("Because the FLSA and New York Labor Law employ similar standards with respect to employment status, [the economic reality] test has been used to analyze both federal and state wage claims."). FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Courts use the economic reality test to whether an entity or an individual is an employer under FLSA. *Nakahata v. New York-Presbyterian Healthcare Sys.*, 2012 WL 3886555, at *9 (S.D.N.Y. Sept. 6, 2012). In applying this test, courts "examine the degree of formal control exercised over a worker." *Barfield v. New York City Health & Hosp. Corp.*, 537 F.3d 132, 143 (2d Cir. 2008). In particular, a court considers whether the

3

17697412.1

alleged employer: 1) had the power to hire and fire the employees; 2) supervised and controlled employee work schedules or conditions of employment; 3) determined the rate and method of payment, and 4) maintained employment records. *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984).

The Amended Complaint does not meet the economic reality test because the plaintiff has filed to allege any facts to satisfy the test. Rather, the plaintiff makes only conclusory statements and threadbare recitals of the cause of actions elements. For instance, the Complaint states nothing more than "Defendants had the right to control, and in fact did control, the hours, hourly pay, assignments, and schedule of" the plaintiff. Kirrane Decl., Ex. C at ¶ 28. Aside from this statement, the plaintiff has not set forth a single factual assertion that the defendants "actually supervised or controlled" her work. *Nakahata*, 2012 WL 3886555 at *10. (complaint dismissed because, *inter alia*, plaintiffs failed to satisfy the economic reality test). *See also Sampson v. MediSys Health Network, Inc.*, 2012 WL 3027850, at *4 (E.D.N.Y. Feb. 9, 2012) (dismissed claim where there were "no facts that indicate that MediSys had any direct role in controlling the plaintiffs' conditions of employment or in determining their rate and method of payment").

Further, the Complaint refers to the defendants purported "policies and practices" by which the defendants failed to pay the plaintiff proper wages. Kirraane Decl., Ex. C at ¶¶ 30, 35. Again, these paragraphs contain only conclusory assertions without sufficient factual support to survive under Rule 12(b)(6). The plaintiff fails to allege facts regarding the creation or maintenance of these alleged policies by the defendants. *Nakahata*, 2012 WL 3886555 at *12. (complaint dismissed because, *inter alia*, plaintiffs did not allege "facts to plausibly show that the individual defendants knew of, let alone crated or maintained, the purported unlawful policies"); *See also DeSilva v. North Shore-Long Island Jewish Health Sys.*, 770 F.Supp.2d 497,

4

510 (E.D.N.Y. 2011) (FLSA claims dismissed where the plaintiffs "failed to provide *any* factual allegations whatsoever to support their claims regarding" challenged work policies) (emphasis in original). Indeed, the Complaint is devoid of any facts showing that Mr. Barbanel had direct contact with the plaintiff as it related to these policies, or her employment generally. The plaintiff does not set forth any facts as to how she came to be hired, or what a regular work week consisted of without taking into account the overtime she is alleged to have worked. Accordingly, the plaintiff has failed to set forth any facts that could satisfy the economic reality test, and thus, the Amended Complaint must be dismissed.

The Amended Complaint also fails to sufficiently allege that the plaintiff worked overtime, or that she was not paid the minimum wage. The compliant does not provide an approximation of overtime she allegedly worked. Rather, the Amended Complaint simply alleges that the plaintiff worked more than 40 hours per week "often" or "regularly." Kirrane Decl., Ex. C at ¶¶ 29, 31, and 32. The failure to set forth theses basic facts in fatal to the plaintiff's claims because it has been held by this Court that a plaintiff alleging FLSA violations is "required to provide some approximation of the overtime hours that they worked." *DeSilva*, 770 F.Supp.2d at 510.

In *Wolman v. Catholic Health Sys. of Long Island*, 853 F.Supp.2d 290 (E.D.N.Y. 2012) healthcare workers in a putative class action alleged that the defendants violated FLSA and the New York Labor Law by failing to compensate them for all of the hours they worked. The defendants moved to dismiss under Rule 12(b)(6). In their Fourth Amended Complaint, several of the plaintiffs merely asserted that she "occasionally" worked an additional or extended shift, without stating how often this occurred or whether it ever resulted in unpaid overtime. *Id.* at 305. In dismissing the FLSA claims, this Court held that such "inartful, conclusory pleading will

not defeat a motion to dismiss." *Id.* Accord *Nakahata*, 2012 WL 3886555, at *4 (FLSA overtime claims dismissed where the plaintiffs merely alleged that they "typically" and "occasionally" worked overtime without alleging "any facts to plausibly show how frequently this happened"); *Davis v. Abington Memorial Hosp.*, 2012 WL 3206030, at *6 (E.D. Pa. Aug. 7, 2012) (FLSA claims dismissed where plaintiff alleged to "frequently" and "occasionally" worked overtime but failed to allege "any specific instances where a named plaintiff worked overtime and was not paid for it"); *DeSilva*, 770 F.Supp.2d at 509 (FLSA claims dismissed where the plaintiffs "alleged only that they 'regularly' worked hours 'in excess of forty' hours per week").

As set forth above, the plaintiff does not allege any facts hat identify by date or time any instance that she worked overtime. With respect to her FLSA minimum wage claim, the Complaint states she was paid $200 "per each week that she worked as set forth herein for an hourly wage totaling $3.23 without any overtime." Kirrane Decl., Ex. C at ¶ 33. Importantly, the Complaint does not set forth with any facts in support of this allegation; that is, it is not specified which weeks she worked from the time she was hired until her employment ended. Like her defective overtime claims, the plaintiff merely alleges that the defendants had a "policy and practice" paying her a flat rate for the week resulting in an hourly rate below the minimum wage without alleging any facts in support. Kirrane Decl., Ex. C at ¶ 30. Again, this pleading does not satisfy *Iqbal*, and should not be countenanced by the Court. As the above-cited precedent demonstrates, the plaintiff's conclusory allegations are not sufficient for her FLSA claims to survive a motion to dismiss. Therefore, the plaintiff's FLSA overtime and minimum wage claims should be dismissed.

       3.      The Plaintiff's Claims Under the Fair Labor Standards Act Should Be Dismissed To The Extent That They Are Time-Barred by the Statute of Limitations.

The defendants' motion to dismiss should also be granted to the extent that the plaintiff's claims are barred by the applicable FLSA statute of limitations. FLSA provides that any cause of action "may be commenced within two years after the cause of accrued, and every such action shall be forever barred unless commenced within two years after het cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). In FLSA cases involving overtime pay, "a new cause of action accrues for purposes of § 255(a) at each regular payday immediately following the work period during which services were rendered and for which overtime compensation is claimed." *Franklin v. New York Law Publ. Co.*, 1995 WL 408390, at *1 (S.D.N.Y. July 11, 1995); *see also Knight v. Columbus*, 19 F.3d 579, 582 (11th Cir. 1994), *cert. denied*, 513 U.S. 929 (1994); *Henchy v. City of Absecon*, 148 F.Supp.2d 435, 437 (D.N.J. 2001).

In order for a violation of FLSA to be "willful," the plaintiff has the burden of showing that "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Mere negligence is "insufficient." *Solis v. Tally Young Cosmetics, LLC*, 2011 WL 1240341, at *5 (E.D.N.Y. Mar. 4, 2011); *Clarke v. JPMorgan Chase Bank*, 2010 WL 1379778, at *10 (S.D.N.Y. Mar. 26, 2010) ("A willful violation requires more than mere negligence."). Rather, "[r]eckless disregard . . . involves actual knowledge of a legal requirement, and deliberate disregard of the risk that one is in violation." *Clarke*, 2010 WL 1379778 at *10 (citation omitted). In particular, an employer who simply acts unreasonably, but not recklessly, in determining its legal obligation under FLSA does not act willfully. *Id.*

FLSA's two year statute of limitations should apply because the Complaint does not sufficiently plead any facts that the defendants acted willfully. For instance, the plaintiff does

7

17697412.1

not describe with any specificity whatsoever how the defendants showed reckless disregard, or knew that their alleged conduct violated FLSA. As discussed above, the plaintiff does nothing other than vaguely cite to the defendants' purported "policies and practices" without any explication of their creation or application. Kirrane Decl., Ex. C at ¶¶ 30, 35. Indeed, the plaintiff's assertion that the defendants' conduct was designed to minimize labor costs is made upon information and belief. Kirrane Decl., Ex. C at ¶ 39. Despite claiming that the defendants' conduct was "widespread, repeated and consistent" (Kirrane Decl., Ex. C at ¶ 40), the plaintiff does not describe how that was so, or allege one example to in support of her conclusory claim.

Instead, the plaintiff makes the boilerplate assertion that "[t]hat at all times hereinafter mentioned, as part of their regular business practice, Defendants intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violation the FLSA and New York Labor Law." Kirrane Decl., Ex. C at ¶ 36. The plaintiff's other allegations of willfulness are also unsubstantiated by any facts. *See e.g.*, Kirrane Decl., Ex. C at ¶¶ 45, 50. The closest the plaintiff comes to a sufficient allegation of willfulness is paragraph 32 of her Complaint – but those allegations nevertheless do not rise to the level of pleading required because she simply asserts that the defendants acted willfully by failing to pay her minimum wages, or one and one half times her regular rate of pay. Kirrane Decl., Ex. C at ¶ 37. Because she pleaded in wholly conclusory fashion, the plaintiff's claims should be subject to FLSA's two year statute of limitations. *See generally*, *Solis*, 2011 WL 1240341, at *5 (wholly conclusion of willfulness, without more, did not suffice "to establish willfulness even in light of the defendants' default"); *Holmes v. Air Lines Pilots Ass'n, Intern.*, 745 F.Supp.2d 176, 201 n.46 (E.D.N.Y. 2010) (plaintiff's use of the word "willful" was conclusory, therefore, was not taken as true).

8

17697412.1

The plaintiff filed her initial Complaint on August 15, 2012, and claims to have been worked for the defendants from "approximately June 2009 through July 7, 2012." Kirrane Decl., Ex. C at ¶ 25. Since she has failed to properly plead willfulness, her claims are subject to the two year statute of limitations. Accordingly, all allegations of wrongdoing from June 2009 through and including August 15, 2012 should be dismissed as time-barred. In the event that the Court finds that the plaintiff adequately plead willfulness – and the defendants do not believe that to be the case – her claims should be dismissed to the extent that they are barred by FLSA's three year statute of limitations.

### B. The Court Should Decline to Exercise Supplemental Jurisdiction Over the Plaintiff's Remaining State Law Claims

It is the general practice for courts within the Second Circuit to dismiss a plaintiff's state law claims, without prejudice to a suit in state court, when all of the claims predicated upon federal question jurisdiction are dismissed. *McPherson v. NYP Holdings, Inc.*, 227 Fed.Appx. 51, 54 (2d Cir. 2007); *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). As demonstrated above, the plaintiff's FLSA claims are defective under Rule 12(b)(6) and *Iqbal*. The only claims that remain to be litigated are the plaintiff's causes of action for alleged violations of the New York State Labor Law and common law assault and battery. Thus, the defendants request that this case decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367, as prior courts have so ruled when a plaintiff's FLSA claims have been dismissed, leaving only the state law claims to be litigated. *Davis*, 2012 WL 3206030, at *6; *Wolman*, 853 F.Supp.2d at 305.

### IV. CONCLUSION

The Amended Complaint fails to state a Fair Labor Standards Act claim against all defendants pursuant to Fed.R.Civ.P. 12(b)(6), and *Iqbal* and its progeny. Also, the plaintiff does

9

17697412.1

not adequately plead "willfulness," and thus, her Fair Labor Standards Act claims should be dismissed to the extent that they are time-barred under the two year statute of limitations provided by the Fair Labor Standards Act. Finally, due to the dismissal of the plaintiff's federal claims, the Court should decline to exercise supplemental jurisdiction.

Dated: November 19, 2013

|  |  |
|---|---|
|  | Yours, etc., <br> COZEN O'CONNOR |
| By: | *[signature]* <br> William K. Kirrane <br> Attorneys for Defendants |

SIDNEY W. BARBANEL CONSULTING ENGINEER, LLC, SIDNEY W. BARBANEL,ESTATE OF SIDNEY BARBABEL, SAMARA ROSENBERG, as Executor for the Estate of Sidney W. Barbanel, and GERALDINE BARBANEL, as Executor for the Estate of Sidney W. Barbanel,
Defendants.45 Broadway, 16th Floor
New York, New York 10006
(212) 509-9400

TO:

Akin Law Group PLLC
Attorneys for Plaintiff
45 Broadway, Suite 2650
New York, NY 10006
(212) 825-1400

10

17697412.1