UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
JENNIFER NEIL,

        Plaintiff,

12 CV 4061 (SJ) (RLM)

MEMORANDUM
AND ORDER

-against-

SIDNEY W. BARBANEL CONSULTING
ENGINEER LLC and SIDNEY W.
BARBANEL, ESTATE OF SIDNEY
BARBANEL, SAMARA ROSENBERG,
as Administrator for the Estate of Sidney
W. Barbanel, and GERALDINE
BARBANEL, as Administrator for the
Estate of Sidney W. Barbanel,

        Defendants.
-------------------------------------------------X

A P P E A R A N C E S

AKIN LAW GROUP PLLC
45 Broadway, Suite 2650
New York, New York 10006
By:    Emre Polat, Esq.
*Attorney for Plaintiff*

COZEN O'CONNOR
45 Broadway
New York, NY 10006
By:    William K. Kirrane
*Attorneys for Defendants*

JOHNSON, Senior District Judge:

Plaintiff Jennifer Neil ("Plaintiff") brings this action against Sidney W. Barbanel Consulting Engineer, LLC and the estate of Sidney W. Barbanel (Defendants") asserting, inter alia, violations of the Fair Labor Standard Act ("FLSA") and the New York Labor Law ("NYLL") §§ 650 et seq. On December 19, 2013, Defendant filed a fully-briefed motion to dismiss the Plaintiff's amended complaint pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure.[1]

For the reasons stated herein, Defendants' Motion to Dismiss is DENIED.

## I. BACKGROUND

Plaintiff alleges the following facts, taken as true at the motion to dismiss stage. Ms. Neil was hired by Defendants to provide general housework and personal home health care and assistance for Sidney Barbanel from June 2009 to July 7, 2012. (Am. Compl. ¶¶ 21–25). She was involved in walking, bathing, dressing, meal preparation, as well as cleaning, shopping, and running errands for Mr. Barbanel. (Id. ¶ 26.) Plaintiff worked from 7:00pm Friday to 9:00am Monday

---

[1] Defendants had originally filed a Motion to Dismiss on November 26, 2012. Plaintiff opposed the Motion on December 5, 2012, and Defendants replied on December 18, 2012. However, on July 17, 2013, Plaintiff informed the Court of the death of Defendant Sidney W. Barbanel. Plaintiff thereafter submitted an amended complaint and re-filed a fully-briefed Motion to Dismiss on December 19, 2013.

2

every week without any time off. (Id. ¶¶ 31, 32). In addition, Defendants paid Plaintiff a flat rate of $200, resulting in a $3.23 hourly rate. (Id. ¶¶ 30, 33). Plaintiff asserts that it was Defendants policy and practice to assign her to work more than 40 hours per week, without paying her overtime. (Id. ¶¶ 29–31). She claims to have worked week after week for 62 hours straight without any time off. (Id. ¶ 32.)

## II.    DISCUSSION

### A. Motion to Dismiss Standard

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint "when 'it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claims which would entitle [her] to relief.' " Conley v. Gibson, 355 U.S. 41, 45–46 (1957); accord Cohen v. Koenig, 25 F.3d 1168, 1172 (2d Cir. 1994). When considering a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001).

The Complaint "does not need detailed factual allegations" but must "provide the grounds of . . . entitlement to relief" with "more than labels and conclusions." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)

(citations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). The grounds for relief must be plausible. Id. at 556. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal v. Ashcroft, 556 U.S. 662, 678 (2009); see also Twombly, 550 U.S. 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.") (citation omitted). Bald assertions are insufficient to state a claim under this standard. See Iqbal, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," including those "couched as factual allegation[s].").

### B. FLSA Claims[2]

#### a. Statute of Limitations

Defendants argue that Plaintiff's claims are barred by the FLSA's two-year statute of limitations. (Defs.' Motion at 7.) Defendants also claim that Plaintiff has failed to properly plead willfulness, which would have extended the statute of limitations to three years. (Defs.' Motion at 8–9.)

---

[2] Plaintiff allegedly spent more than 20% of her time in a work week performing general household work and, as such, is not exempt from coverage under the "Companionship" exemption to the FLSA. (Am. Compl. ¶ 27).

FLSA claims accrue with each payday "following the work period when services are rendered." Nakahata v. New York–Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 198 (2d Cir. 2013) (citing 29 C.F.R. § 790.21(b) (2012)). A plaintiff must raise a violation of the FLSA within two years from the date the cause of action accrued, unless it is a willful violation, for which the statutory limitations period is extended to three years. 29 U.S.C. § 255(a). A violation is "willful" if the "employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited" by the FLSA. McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988); Young v. Cooper Cameron Corp., 586 F.3d 201, 207 (2d Cir. 2009). Additionally, "Courts in this circuit have generally held that where willfulness is in dispute, a three year statute of limitations applies" on a motion to dismiss. Alvarez v. IBM Restaurants Inc., 839 F. Supp. 2d 580, 587–88 (E.D.N.Y. 2012) (citing McBeth v. Gabrielli Truck Sales, Ltd., 768 F.Supp.2d 396, 399 (E.D.N.Y. 2011)).

Plaintiff has claimed that Defendants' failure to pay her minimum wage or overtime was intentional and willful. (Am. Compl. ¶ 36.) At this stage of litigation, Plaintiff's general assertion of willfulness satisfies the requirements of pleading a willful violation of the FLSA, so as to invoke the three-year statute of limitations. See, e.g., Moran v. GTL Const., LLC, No. 06-cv-168, 2007 WL 2142343 (S.D.N.Y. July 24, 2007). Further, Courts in this Circuit have generally left the

question of willfulness to the trier of fact. See, e.g., Rahman v. Shiv Darshan, Inc., No. 12-cv-3457, 2013 WL 654189 (S.D.N.Y. Feb. 22, 2013).

Accordingly, Defendants' motion to dismiss the complaint as time barred is denied. However, because Plaintiff's original complaint was filed on August 15, 2012, she cannot claim wages for work done prior to August 15, 2009 (more than three years before her complaint was filed). Plaintiff's claim is, therefore, limited to pay allegedly owed after August 15, 2009.

### b. Employer-Employee Relationship

FLSA applies only to employees, not to independent contractors. To determine whether a plaintiff is an employee for FLSA purposes, courts examine the "economic reality" of a working relationship. Irizarry v. Catsimatidis, 722 F.3d 99, 104–05 (2d Cir. 2013) (citing Barfield v. N.Y. City Health & Hosps. Corp., 537 F.3d 132, 134 (2d Cir. 2008)). The inquiry is a totality-of-the-circumstances approach, and no one factor is dispositive. Courts balance: "(1) the degree of control exercised by the employer over the workers, (2) the workers' opportunity for profit or loss and their investment in the business, (3) the degree of skill and independent initiative required to perform the work, (4) the permanence or duration of the working relationship, and (5) the extent to which the work is an integral part of the employer's business." Brock v. Superior Care, Inc., 840 F.2d 1054, 1058–59 (2d Cir. 1988) (citations omitted). Courts are also permitted to consider any other

factor relevant to the economic reality of the working relationship. Id. at 1059 (citing Rutherford Food Corp. v. McComb, 331 U.S. 722, 730 (1947)). "The ultimate concern is whether, as a matter of economic reality, the workers depend upon someone else's business for the opportunity to render service or are in business for themselves." Brock, 840 F.2d at 1059.

Defendants argue that Plaintiff fails to allege specific facts to satisfy the economic reality test, and that the amended complaint consists only of "conclusory statements and threadbare recitals of the cause of actions elements." (Defs.' Motion at 4.) Specifically, Defendants argue that Plaintiff failed to allege the "degree of formal control exercised" over the Plaintiff. (Defs.' Reply at 3.)

In this case, Plaintiff's allegations are sufficient to state a plausible claim that Plaintiff was an employee of Defendants. Plaintiff plead that she was hired by Defendant Barbanel Consulting to provide "personal home health care and assistance to Defendant Barbanel." (Am. Compl. ¶¶ 20-24.) Defendants exercised a fair degree of control of Plaintiff, including setting a schedule of hours, hourly pay, and assignments. (Id. ¶ 28.)

Taken as a whole, Plaintiff's allegations "raise a reasonable expectation that discovery will reveal evidence" that Defendants were an "employer" of Plaintiff within the meaning of the FLSA. Twombly, 550 U.S. at 556. This is particularly true given that the Court must draw all reasonable inferences in favor of the Plaintiff at this stage. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 514 (2002).

7

### C. Minimum Wage

The FLSA required the Defendants to pay Plaintiff a minimum hourly wage of $7.25 at all relevant times. 29 U.S.C. § 206(a)(1). Plaintiff alleges that she worked from 7:00pm on Friday through 9:00am on Monday, with her work week often totaling 62 hour weeks. (Am. Compl. ¶ 32.) She claims to have been paid a flat rate of $200, at a rate of $3.25 an hour. (Am. Compl. ¶¶ 32, 33.) Although, Plaintiff did not include the total of unpaid wages, her salary and hours are enough to infer a plausible violation of minimum wage. Zhong v. August August Corp., 498 F. Supp. 2d 625, 629 (S.D.N.Y. 2007).

### D. Overtime Claims

Under the FLSA, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). In an action to recover unpaid overtime wages under FLSA, a plaintiff must show that: "(1) he was an employee who was eligible for overtime ( [i.e.,] not exempt from the Act's overtime pay requirements); and (2) that he actually worked overtime hours for which he was not compensated." Hosking v. New World Mortg., Inc., 602 F.Supp.2d 441, 447 (E.D.N.Y. 2009).

Defendants claim that the Plaintiff failed to adequately plead the approximate number of the hours that would give Defendants notice of her claim. Defendants state that her allegations are imprecise, "because it is unclear whether she worked shifts of 24 hours, 48 hours, or potentially shifts of 72 hours or greater." (Defs.' Reply at 4.)

The Second Circuit has specifically recognized that, although a plaintiff must plead hours worked in excess of 40 in a given work week, as well as some uncompensated time in excess of the 40 hours, with a certain degree of specificity, a plaintiff is not required to keep perfect time records or to plead its hours worked with "mathematical precision." Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 90 (2d Cir. 2013) cert. denied, 134 S. Ct. 918 (2014). The Circuit noted that plaintiffs must provide "some factual allegation that will 'nudge' their claim 'from conceivable to plausible." Dejesus, 726 F. 3d at 90 (citing Twombly, 550 U.S. at 570).

Because Plaintiff alleges to have worked up to 62 hours a week, without any time off, each and every week, she has established that she allegedly worked in excess of the forty hour workweek, in violation of FLSA § 207(a)(1).

**E. Remaining Claims**

The Court has reviewed the remaining claims and finds that they are without merit.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is DENIED. The parties shall proceed to discovery.

SO ORDERED.

Dated: August 11, 2014  _____/s/_____
      Brooklyn, New York  Sterling Johnson, Jr., U.S.D.J.